10-1630-cv
Castro v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand eleven.

Present:    AMALYA L. KEARSE,
            ROBERT D. SACK,
            ROBERT A. KATZMANN,
                    *Circuit Judges*,

────────────────────────────────────────────

CHARLES CASTRO,

                    *Plaintiff-Appellee*,

            - v -                        No. 10-1630-cv

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF SANITATION, JOSEPH DIPIAZZA, individually and in his official capacity, JOHN AND JANE DOES,

                    *Defendants-Appellants.*

────────────────────────────────────────────

For Plaintiff-Appellee:        JONATHAN C. MOORE (Clare Norins, *on the brief*), Beldock Levine & Hoffman LLP, New York, N.Y.

For Defendants-Appellants:     SUSAN PAULSON (Francis F. Caputo, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel for the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Reyes, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants appeal from the April 23, 2010 judgment of the United States District Court for the Eastern District of New York (Reyes, *M.J.*), following a jury verdict in plaintiff's favor. Defendants challenge the district court's evidentiary rulings on two issues: First, defendants argue that the district court erred in precluding evidence pertaining to five applicants who were hired through the special review process used by the New York City Department of Sanitation ("DSNY") to consider former New York Police Department officers for employment. Second, defendants contend that the district court erred in permitting testimony pertaining to the application of Christopher Castro, plaintiff's brother, for employment at DSNY. We assume the parties' familiarity with the facts and procedural history of the case.

We review the district court's evidentiary rulings for abuse of discretion, and we will only reverse for "manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (quoting *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003)) (internal quotation mark omitted). "Unless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial . . . . [T]he court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. A substantial right is implicated if there was a "likelihood that the error affected the outcome of the case." *Tesser v. Bd. of Educ.*, 370 F.3d 314, 319 (2d Cir. 2004) (quoting *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 55 (2d Cir. 1993)) (internal quotation marks omitted). Accordingly, even if we find error, we will grant a new trial only if the error was not harmless, *Cameron*, 598 F.3d at 61, which the appellant bears

2

the burden of establishing, *Tesser*, 370 F.3d at 319.

We turn first to defendants' argument that they ought to have been permitted to introduce evidence pertaining to five applicants hired by DSNY who were class members in *Latino Officers Association v. City of New York*, 99 Civ. 9568 (S.D.N.Y.) ("*LOA*"), the class action in which plaintiff was a class representative and named plaintiff. It is undisputed that defendants did not know that the hired applicants were class members at the time of their applications. Defendants contend that this evidence was relevant to show that they did not seek out whether an applicant was involved in the *LOA* suit, but that is not an issue in plaintiff's case. Instead, plaintiff alleged that defendants, once aware of his role in the *LOA* suit, retaliated against him for his involvement. Accordingly, we conclude that the district court did not abuse its discretion in excluding this evidence as irrelevant to plaintiff's claim. Because we affirm the district court on relevance grounds, we need not reach the parties' arguments on the prejudice that may have been incurred from either the admission or exclusion of this evidence.

Defendants also contend that the district court erred in admitting testimony from plaintiff and various DSNY employees pertaining to DSNY's rejection of Christopher Castro's application one year prior to plaintiff's applying. The parties dispute whether defendants waived this argument below, but assuming *arguendo* that it was not waived, we nonetheless conclude that defendants have failed to establish error on the part of the district court. This evidence was highly probative, as it went to the decisionmakers' knowledge of the *LOA* suit, as well as being comparator evidence going to the pretext of defendants' claim that they did not decline to hire plaintiff because of his involvement in the *LOA* suit. Defendants suggest that they were prejudiced by improper inferences that the jury may have drawn from this testimony, but it is

3

unclear that any prejudice was not or could not have been remedied by defense counsel's questioning. We note that defendants did not request that a limiting instruction be given to the jury. *Cf. Dunnigan v. Keane*, 137 F.3d 117, 127 (2d Cir. 1998). Accordingly, the district court did not abuse its discretion in finding the probative value to outweigh any unfair prejudice. *See* Fed. R. Evid. 403.

We have considered defendants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK